If Gomez and Clark had agreed to become sureties of Levy, and with that view Clark had endorsed and Gomez had accepted the bill of exchange, when they afterwards gave the note on which a recovery was had against Gomez in New York, I think they (222) should be considered as sureties for the debt which that note was given to discharge, and consequently that any indemnity which had been taken by Clark to secure him against loss should extend to Gomez.
But if Gomez, without any agreement or understanding with Clark to become Levy's surety, accepted the bill of exchange, he thereby became debtor to the bank, and Clark was only bound as endorser. It followed that if Gomez had paid the debt, Clark was discharged, for he was only bound to pay if Gomez did not.
Afterwards, when Clark and Gomez signed the note of Levy as sureties, Gomez was thereby released from his liability as acceptor, and stood as a cosurety with Clark; and as the latter had secured himself against loss by the mortgage which Levy had made to him, Gomez had a right to be indemnified from the same security. This would be the case if the rights of other persons did not interfere.
When Clark stood as endorser on the last bill of exchange, the deed of trust was executed to McRae and Lazarus for the same property which Levy had mortgaged to Clark; so that Clark could only expect to be indemnified for such endorsements as he had made for Levy, but not for any liabilities which he might incur after that time. I have no idea that it was intended, nor do I think that the terms of the deed justify the belief that the parties to it intended, to secure the payment of the debt due upon the bill of exchange on which Clark was endorser, but only intended to secure Clark against his endorsement. If there had been a new bill of exchange drawn, perhaps the liability of the parties would not be altered. But when the note was given, they were so far altered that Clark became a principal to the bank with Gomez, and the liability of Gomez as acceptor was discharged. In this respect Clark acted upon his own responsibility, and of course could not expect to be remunerated from Levy's mortgage to him, in case (223) he had been compelled to discharge that note. His lien upon that mortgage for future endorsements was terminated by Levy's deed to McRae and Lazarus. Of course, he could not, by his assignment of the mortgage to Gomez, convey any right which he himself did not possess. *Page 126 
I think, as it does not appear that Clark and Gomez, by any agreement or understanding between them, stood as cosureties for Levy on the bills of exchange; that although the mortgage from Levy to Clark secured the latter on any endorsements he had made or liabilities he had incurred for Levy before the date of the deed of trust to McRae and Lazarus, it became inoperative, after the creation of that trust, as to any endorsements made by Clark after its date. This deed was executed with Clark's knowledge; it was after its existence that he executed the note with Gomez as cosurety for Levy. For so doing he cannot be indemnified by the mortgage, and of course can communicate to Gomez no right arising from the same instrument. For these reasons, I think the bill should be dismissed.
PER CURIAM. Bill dismissed, with costs.
Cited: Richards v. Simms, 18 N.C. 49; Dawson v. Pettway, 20 N.C. 535;Mendenhall v. Davis, 72 N.C. 154; Sykes v. Everett, 167 N.C. 605.
(225)